IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-176-F

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARK SAUNDERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Stay Declaratory Judgment Proceedings ("motion to stay") [DE-14]. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the motion to stay is ALLOWED.

## I. STATEMENT OF THE CASE

On August 14, 2014, Westfield Insurance Company (hereafter "Plaintiff") filed this declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 2201, seeking a declaration that it is not obligated to defend or to indemnify the Defendants in connection with various claims filed against them in *Anderson, et al. v. Seascape at Holden Plantation, LLC, et al.*, 12 CVS 2063 ("Underlying Action"), a case that is currently pending in Brunswick County Superior Court. Defendants filed the instant motion to stay [DE-14] on November 7, 2014. Plaintiff filed a response on November 25, 2014 [DE-18], and Defendants filed a reply on December 5, 2014 [DE-21]. Accordingly, the matter is now ripe for adjudication.

## II. STATEMENT OF THE FACTS

Defendants were involved in the in the construction of various improvements, primarily a marina and a stormwater drainage system, at a planned community in Brunswick County called SeaScape at Holden Plantation ("SeaScape"). Compl. ¶¶ 13-17. Construction on these improvements began "sometime before November 10, 2001." *Id.* ¶ 19. Between December 31, 2008 and December 31, 2013, Plaintiff insured Defendants pursuant to its Commercial Insurance Coverage Policy ("the policy"). *Id.* ¶ 7.

In the Underlying Action, which was filed on or about October 5, 2012, individual property owners[1] seek damages from Defendants based upon alleged construction defects in SeaScape's marina and stormwater drainage system. *Id.* ¶ 12. Specifically, the property owners contend that SeaScape's marina bulkhead is defective and in need of significant repairs. *Id.* ¶ 18. In addition, the property owners assert "that the ponds at . . . SeaScape dewatered as a result of the installation of [a] defective perforated pipe in the storm water drainage system that was discovered . . . in June of 2009." *Id.* ¶ 22. Plaintiff has provided a defense to Defendants in the Underlying Action under a reservation of rights.

In the instant declaratory judgment action, Plaintiff asserts that the causes of action alleged in the Underlying Action do not fall within the coverage provided by the policy. *Id* ¶ 26. Specifically, Plaintiff argues that there is no coverage under the policy because, *inter alia*, any alleged property damage occurred prior to its issuance. *Id.* ¶ 27.

---

[1] SeaScape's Property Owners Association ("POA") has since moved to intervene as a plaintiff in the Underlying Action. Def. Mem. [DE-15], p. 3. Ultimately, the Superior Court allowed the POA's motion to intervene and the individual owners' claims were dismissed as derivative. *Id.* The individual owners have appealed this ruling, and this appeal is currently pending with the North Carolina Court of Appeals. *Id.*

2

## III. DISCUSSION

### A. Standard of Review

This action was filed under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* (the "DJA"). The DJA vests a district court with discretion in determining whether to proceed with a declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-90 (1995) ("[The DJA] created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."). When another suit is pending in a state court involving the same parties and providing the same opportunity for relief, a district court has "wide discretion" in deciding whether to stay or dismiss a declaratory judgment action. *See Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (citing *Wilton*, 515 U.S. at 288).

Generally, a district court should exercise its discretion to proceed with a declaratory judgment action when the judgment sought will (1) "'serve a useful purpose in clarifying and settling the legal relations in issue'" and (2) "'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co.*, 88 F.3d at 256 (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). However, if a federal court is confronted with an insurer's request for a "declaratory judgment on coverages issues while the underlying litigation against its insured is pending in the state courts," *Nautilus Insurance Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994) (citing *Mitcheson v. Harris*, 955 F.2d 235, 237-41 (4th Cir. 1992)), the district court's decision must also be guided by considerations of federalism, efficiency and comity. *Id.* at 376-77. The evaluation of these additional considerations is based on a four-factor test:

(i) the strength of the state's interest in having the issues raised in the federal

3

> declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (iv) whether the declaratory judgment action is being used merely as a device for procedural fencing - that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Id.* at 377 (quotations and citations omitted). Additionally, the Supreme Court has cautioned that "at least where another suit involving the same parties and presenting opportunities for the ventilation of the same state law issues is pending in state court, a district court may be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).

**B. Analysis**

    1.    *State interest*

The first *Nautilus* factor to be considered is the "strength of the state's interest in having the issues raised in the federal declaratory action decided in state court." *Nautilus*, 15 F.3d at 377. Such consideration raises two issues: the state's interest in deciding issues of state law and an out-of-state party's interest in a federal forum. *See Mitcheson*, 955 F.2d at 237. "Reconciling these competing interests, the Fourth Circuit has consistently followed the rule that the state's interest, while important, is diminished if the state-law issues are not novel, unsettled, difficult, complex, or otherwise problematic." *First Fin. Ins. Co. v. Crossroads Lounge*, 140 F. Supp. 2d 686, 695 (S.D. W. Va. 2001) (citing *Nautilus*, 15 F.3d at 378 and *United Capitol Ins. Co.*, 155 F.3d at 494). Here, interpretation of the policy here will not turn on a novel question of law or break new ground. Consequently, application of the first *Nautilus* factor does not weigh in favor of or against a stay. *See*

*First Mercury Ins. Co. v. Kimes Steel, Inc.*, No. CIV.A. 3:14-15837, 2015 WL 400576, at *2 (S.D.W. Va. Jan. 28, 2015) (Stating that the interpretation of an insurance policy "is not unsettled or problematic and . . . [a state] has only a marginal interest in deciding it in state court.").

2.  *Efficiency*

Next, the court considers whether the issues presented in the declaratory judgment action can be resolved more efficiently in the Underlying Action. In addressing this factor, a district court should conduct a "careful inquiry into 'the scope of the pending state court proceeding[s],' including such matters as 'whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding.'" *Nautilus*, 15 F.3d at 378-79 (citing *Brillhart*, 316 U.S. at 495) (alteration in original).

Here, the coverage issues raised in this action can be more effectively resolved in the Underlying Action. In particular, the Underlying Action involves parties not present in the federal action. Def. Mem. [DE-15], p. 6. Indeed, the North Carolina Court of Appeals is still in the process of determining the proper plaintiffs in interest. *Id.* at p. 3. Likewise, the pertinent issues in this case are governed entirely by state law. Specifically, the Underlying Action involves the application of North Carolina statutes of limitation and repose in various contexts (property damage, construction defect, negligence, etc.) as well as the determination of causation and responsibility under state law. Moreover, the Underlying Action "has already been pending for more than two years . . . [and] significant investigation . . . has been conducted by the parties." *Id.* at p. 6. Efficiency dictates that resolution of issues stemming from one controversy should be resolved by one court. The state court is capable of entertaining a declaratory judgment action that will resolve the same issues as raised

5

before this court. Thus, this court finds that the efficiency factor weighs heavily in favor of a stay.

   3.   *Overlapping Issues of Fact or Law that Might Create Entanglement*

Unnecessary entanglement arises when there are overlapping issues of fact or law in the federal and state court actions. *See Mitcheson*, 955 F.2d at 237-40. Here, adjudication of this case will require the court to resolve some factual questions at issue in the state court proceedings. For example, determining the applicability of the policy will require this court to resolve issues of timing, causation, and responsibility. Unnecessary entanglement is almost certain, because the instant action raises issues substantially similar to those already pending in the Underlying Action. In particular, claim or issue preclusion could arise if this court adjudicates the issues of timing, causation, and responsibility. Likewise, any ruling on these issues would significantly impact statute of limitations and statute of repose issues in Underlying Action. "Such . . . preclusion will likely 'frustrate the orderly progress' of state court proceedings by leaving the state court with some parts of a case foreclosed from further examination but still other parts in need of full scale resolution." *Mitcheson*, 955 F.2d at 239 (citing *Phoenix Ins. Co. v. Harby Marina, Inc.*, 294 F. Supp. 663, 664 (N.D. Fla. 1969)). As a result, the court finds that the entanglement factor also weighs heavily in favor of a stay.

   4.   *Procedural Fencing*

Finally, the court must consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'--that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.' "*Nautilus*, 15 F.3d at 377 (internal citation omitted). A federal action of this kind may be filed "in an entirely proper effort to obtain prompt resolution of a dispute over [an insurer's] obligation." *Nautilus*, 15 F.3d at 380.

However, the filing of a federal declaratory action when an underlying state action is already pending indicates "that [it] *may have been used* as a form of procedural fencing." *Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 968 (4th Cir. 1994) (emphasis added). As the *Continental* court observed,

> Although [insurer] has argued that it filed a federal action prior to the filing of any similar action in state court, and technically that is true, still [insurer] had been notified that [defendants] intended to rely on the [insurance] coverage provided by [insurer] in their [underlying state court] proceedings . . . . While the issues regarding insurance coverage *per se* were not before the state court in the proceedings involving [defendants] when [insurer] filed an action in the district court, [insurer] already knew that the coverage issues were bound to arise during the course of those proceedings. [Insurer] has attempted to have the coverage issue determined by the federal court before the issue arose in the context of the state proceedings.

*Id.* (internal footnote omitted).

Here, Plaintiff's request for declaratory judgment was not prompt. Rather, the Underlying Action proceeded for approximately two years before Plaintiff filed the instant action. Thus, while the court does not make a specific finding that Plaintiff has engaged in procedural fencing, this factor still weighs in favor of a stay.

## IV. CONCLUSION

For the foregoing reasons, the motion to stay [DE-14] is ALLOWED. Counsel for the parties are DIRECTED to file a status update regarding the Underlying Action every 90 days from the filing date of this order.

SO ORDERED.

This, the 17 day of September, 2015.

JAMES C. FOX
Senior United States District Judge

7